[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10076
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2006
THOMAS K. KAHN
CLERK

BIA Nos. A95-897-305 & A95-897-306

SANDRA MARTINEZ,
MARIA ANDEA LEAL,
IVAN DARIO LEAL,

                                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 9, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ivan Dario Leal; his wife, Sandra Martinez; and their daughter, Maria Andea Leal, all natives and citizens of Colombia, petition for review of a decision of the Board of Immigration Appeals.  The BIA affirmed an order of the Immigration Judge that denied their petition for asylum and withholding of removal because the IJ found their testimony and documentary evidence not credible.  We deny the petition.

## I. BACKGROUND

Leal alleged in his asylum application that he was persecuted by the FARC because of his involvement in the Liberal Party.  Leal alleged that the FARC attempted to kidnap him after he worked on a campaign to extend prison sentences for those convicted of guerilla activity.  Leal then fled to the United States, but his family remained in Colombia.  The asylum application alleged that Martinez was injured when two men fired at her car and hit her in the face.  She recovered in a hospital, but the family allegedly continued to receive threats.  The asylum application alleged that Leal took a trip to Costa Rica to interview for a job, but returned to the United States when his interviewer informed Leal that Leal continued to receive threats from the FARC in Colombia.  In support of his application, Leal submitted several documents:  a letter from FARC that declared him as a military target, a letter from the Liberal Party that thanked him for his work, an Emergency Clinic History for Martinez with an admission number

01034491, a diagnosis with patient number 01 34491 for Edilberto Mora, who was Martinez's driver, and a diagnosis for Sandra Martinez with a patient number 0131638. At the removal hearing, Leal conceded removability. At the asylum hearing, both Leal and Martinez testified.

The IJ denied Leal's asylum application because she found his application not credible. The IJ found that the medical documents submitted by Leal were fraudulent because "they are clearly altered, which is viewable to the naked eye." The IJ explained that the documents had biographical information about Martinez that had been inserted in different handwriting and ink. The documents also had gaps or marks where alterations or erasures had been made, and the admission numbers on the documents were inconsistent. Leal and Martinez were unable to provide originals for any of the documents.

The IJ also found the testimony of Leal and Martinez not credible for several reasons. First, the IJ found that Leal and Martinez testified inconsistently with the asylum application. Leal testified that he started to receive threats in 1999 when he moved to a new apartment, but his application stated that he started to receive threats in 1998 and he had lived in the same apartment since 1995. Second, the IJ stated that "[t]he subjective claim of persecution . . . [is] substantially undermined" by numerous trips to the United States by Leal and Martinez without seeking asylum. Third, the IJ also found Leal's allegation that he decided to return to the

3

United States based on the information he received from his interviewer in Puerto Rico to be not credible. Fourth, the IJ found Leal and Martinez not credible because they failed to submit police reports about the shooting incident and the threats they received. Fifth, the IJ stated that the threatening letter submitted by Leal "appears to have been scripted" because of the use of the word "persecution."

The BIA affirmed. Although the BIA stated that "the [IJ] made an improper assumption that the letter from the FARC was fraudulent due to the inclusion of the word 'persecution,'" the BIA found that the fraudulent medical documentation, the inconsistent testimony, and the "apparent lack of urgency in applying for asylum" supported the adverse credibility finding of the IJ.

## II. STANDARD OF REVIEW

Because the BIA issued a separate opinion from the IJ, we review the decision of the BIA, except to the extent that the BIA expressly adopted the decision of the IJ. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review an adverse credibility finding for substantial evidence. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). A decision of the IJ is not supported by substantial evidence when the record compels a contrary conclusion. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005).

## III. DISCUSSION

4

Leal argues that the BIA erroneously affirmed the denial of their application for asylum and withholding of removal. Leal contends that the adverse credibility finding of the IJ is not supported by substantial evidence. We disagree.

The findings of the IJ that the documents submitted by Leal were fraudulent and the testimonies of Leal and Martinez were inconsistent with their application for asylum are supported by substantial evidence. There are gaps in the preprinted portions of the medical forms, the medical forms for Martinez and Mora have the same patient numbers, and other alterations are "viewable to the naked eye." Leal testified inconsistently about the date that the alleged threats began, Leal failed to explain why he relied on the statements of his interviewer in Puerto Rico to come to the United States, and Martinez testified inconsistently about the shooting incident. Although Leal now provides explanations for these inconsistencies, the record does not "compel[] a contrary conclusion." Id.

## IV. CONCLUSION

Leal's petition is

**DENIED.**